IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRES GAVIRINA,  Case No. _____/

    Plaintiff,

v.

MERCHANTS ASSOCIATION COLLECTION
DIVISION, INC.,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

Plaintiff Andres Gavirina alleges violation of the Federal Debt Collection Practices Act 15 U.S.C. 1692 *et seq.* ("FDCPA") against Defendant Merchants Association Collection Division, Inc. for deceptive and illegal debt collection practices.

### PARTIES

1. Plaintiff is a natural person and a resident of Broward County, Florida.

2. Defendant is a Florida for-profit corporation with its principal place of business at 134 South Tampa St., Tampa, FL 33602.

### JURISDICTION AND VENUE

3. This Honorable Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

4. Venue is proper because the alleged acts and transactions complained of occurred here; the Defendant transacts and/or conducts business here; and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

1

## APPLICABLE LAWS

5. The Florida Supreme Court liberally construes public protection statutes in favor of the public. *Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

### I. FDCPA

6. The purpose of the FDCPA is "to eliminate abusive debt collection practices … and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

7. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* §1692e.

8. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

9. The FDCPA creates a private right of action under 15 U.S.C. § 1692K.

10. The FDCPA defines "debt collector" as "any person who uses … any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect … debt owed … or asserted to be owed or due another." *Id.* § 1692a(6).

11. The FDCPA defines communication as the "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

12. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction … [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**II. Workers' Compensation**

13. The Florida legislature enacted the workers' compensation law "to assure the quick and efficient delivery of disability and medical benefits to an injured worker . . . at a reasonable cost to the employer." Fla. Stat. § 440.015.

14. To achieve this, the statute also "makes the employer and insurance carrier legally responsible for paying medical bills, while the employee is insulated from liability." *Sun Bank/S. Florida, N.A. v. Baker*, 632 So. 2d 669, 671 (Fla. Dist. Ct. App. 1994).

15. Thus, "[a] health care provider may not collect or receive a fee from an injured employee within this state." Fla. Stat. § 440.13(13); *see also* Fla. Stat. § 440.13(3)(g) ("The employee is not liable for payment for medical treatment or services provided pursuant to this section."); *Staff of Fla. S. Comm. on Commerce, PCS/SB 821, Staff Analysis 2* (April 24, 1987) ("[T]he injured employee is not responsible for paying for authorized medical treatment and services.").

16. Collection efforts to the contrary are forbidden by law.

## FACTUAL ALLEGATIONS

17. On or about October 2, 2015, Plaintiff received medical care from the City of Hallendale Beach EMS ("Hallendale EMS") after suffering injuries while working for the Premier Beverage Company, LLC ("Employer").

18. Upon being picked up by Hallendale EMS, Plaintiff explained the accident occurred while he was working for the Employer.

19. Plaintiff hired a workers' compensation attorney who filed a claim against Broadspire, the Employer's workers' compensation carrier, for workers' compensation benefits.

20. Broadspire accepted the injury as compensable under Florida's workers' compensation system and has paid workers' compensation benefits.

21. Once it accepted the claim as compensable, Broadspire became the primary entity responsible for payment of the Plaintiff's medical care. *See* Fla. Stat. § 440.13(3); § 440.13(13).

22. The information concerning the Plaintiff's workers' compensation claim and its compensability was provided to all medical providers, including Hallendale EMS.

23. Hallendale EMS attempted to collect $774.00 from Plaintiff for the medical care rendered on October 2, 2015.

24. Upon information and belief, Hallendale EMS assigned and/or sold the Plaintiff's unpaid balance to Defendant.

25. Upon information and belief, Hallendale EMS provided Defendant with notice of the Plaintiff's workers' compensation claim and its compensability.

26. Plaintiff also spoke to Defendant and explained that he received medical care because of a work place injury, and in turn, Broadspire was financially responsible for payment.

27. On or about September 2, 2015, Defendant sent a bill, which Plaintiff received, demanding payment of $386.40 for the medical care Plaintiff received from Hallendale EMS.

28. Defendant attempted to collect an illegitimate debt because Plaintiff suffered a compensable work related injury, and under Florida's workers' compensation law, Broadspire was financially responsible for payment. Accordingly, Plaintiff had no financial responsibility to pay the unpaid balance Defendant claimed due and owing.

29. Plaintiff became frustrated and angry that he received bills for an amount he did not owe.

30. Defendant's conduct caused Plaintiff to lose trust in his workers' compensation attorney, and when Plaintiff should have been focusing on getting well, Defendant plagued him with worry, anxiety and stress.

**COUNT I AS TO DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692e(2)(A)**

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

32. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

33. Defendant attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt for medical care provided for personal, family, or household purposes.

34. Defendant falsely represented the character, amount, and legal status of a illegitimate debt when it sent bills to Plaintiff demanding payment of a debt not owed.

35. Because of Defendant's FDCPA violation, Plaintiff suffered substantial damage, the imminent possibility of paying an illegitimate debt; emotional and physical distress; prevention of the statutory right to accurate information concerning the alleged debt; and financial damage in having to dispute the accuracy of the alleged debt.

**COUNT II AS TO DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692f(1)**

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

37. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

38. Defendant attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt for medical care provided for personal, family, or household purposes.

39. Defendant attempted to collect am illegitimate debt not permitted by law when it sent bills to Plaintiff demanding payment of a debt not owed.

40. Because of Gulf Coast's FDCPA violation, Plaintiff suffered substantial damage, the imminent possibility of paying an illegitimate debt; emotional and physical

6

distress; prevention of the statutory right to accurate information concerning the alleged debt; and financial damage in having to dispute the accuracy of the alleged debt.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

A. Actual damages;

B. Statutory damages;

C. Reasonable attorneys' fees and costs; and

D. Such other and further relief as the Court may deem to be just and proper.

E. Plaintiff respectfully demands trial by jury in this action.

Dated: October 11, 2016

Respectfully submitted,

s/ Darren R. Newhart
Darren R. Newhart, Esq.
Florida Bar No.: 0115546
E-mail: darren@cloorg.com
J. Dennis Card Jr., Esq
Florida Bar No.: 0487473
E-mail:DCard@Consumerlaworg.com
Consumer Law Organization, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile: (305) 574-0132